Filed 7/27/21  P. v. Morton CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

LAVEL JOE MORTON,

    Defendant and Appellant.

2d Crim. No. B307227
(Super. Ct. No. 2017000623)
(Ventura County)

Lavel Joe Morton appeals from the judgment after he pled no contest to three counts of burglary (Pen. Code,[1] § 459). He contends the trial court's order to pay a $503.87 booking fee (Gov. Code, § 29550.2) must be vacated pursuant to Assembly Bill No. 1869 (2020-2021 Reg. Sess.) (A.B. 1869) (see also Gov. Code, § 6111), and that the order to pay a $900 restitution fine (§ 1202.4) must be stayed pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

---

[1] Further unspecified statutory references are to the Penal Code.

We vacate the order imposing the booking fee, but otherwise affirm.

## FACTUAL AND PROCEDURAL HISTORY

In January 2017, Morton burglarized several homes in Thousand Oaks.

Morton pled no contest to three counts of residential burglary (§ 459) and admitted that he had three prior serious felony (§ 667, subd. (a)) and three prior strike convictions (§ 667, subds. (b)-(i).)  The court struck two strike allegations.  It also struck the prior serious felony enhancements on counts 2 and 3.  It sentenced him to 14 years and four months in state prison (two years for count 1, doubled to four years pursuant to section 667, subdivision (e)(1); 16 months each for counts 2 and 3, doubled to 32 months pursuant to section 667, subdivision (e)(1); plus five years pursuant to section 667, subdivision (a)).  The court ordered Morton to pay fines and fees, including a $503.87 booking fee (Gov. Code, § 29550.2) and a $900 restitution fine (§ 1202.4, subd. (b).

## DISCUSSION
### *Booking Fee*

Morton contends that the $503.87 booking fee is no longer enforceable pursuant to A.B. 1869.  We agree.  (Gov. Code, § 6111, subd. (a).)  The unpaid balance of the booking fee is uncollectible, and the civil judgment imposing the fee is unenforceable and must be vacated.  (*Ibid.*)

### *Restitution Fine*

Morton contends the imposition of a $900 restitution fine (§ 1202.4) without determining his ability to pay violated his state and federal right to due process.  (*Dueñas*, *supra*, 30 Cal.App.5th 1157.)  This contention lacks merit.

Pursuant to section 1202.4, subdivision (d), if the restitution fine is in excess of the minimum fine, "the court shall consider any relevant factors, including, . . . the defendant's inability to pay . . . . A defendant shall bear the burden of demonstrating his or her inability to pay. Express findings by the court as to the factors bearing on the amount of the fine shall not be required. A separate hearing for the fine shall not be required." (*Ibid.*)

Here, the court imposed a restitution fine above the minimum amount and well below the maximum fine. We presume the court properly applied the law and considered relevant factors such as Morton's ability to pay (§ 1202.4, subd. (d)). (*People v. Coddington* (2000) 23 Cal.4th 529, 644 [reviewing court presumes trial court knew and applied the correct statutory and case law], overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13 and superseded on other grounds in *Verdin v. Superior Court* (2008) 43 Cal.4th 1096, 1107, fn. 4.) The court could have properly considered Morton's ability to earn wages during his prison sentence.[2] The record reflects that Morton was 26 years old at the time of sentencing and nothing in the record suggests he was unable to perform work while in prison. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1061.)

Moreover, inability to pay a restitution fine above the statutory minimum does not automatically invalidate it. (*People*

---

[2] Prison wages currently range from $12 to $56 per month. (Cal. Code. Regs., tit. 15, § 3041.2.) The state may garnish up to 50 percent of those wages to pay a restitution fine. (§ 2085.5, subds. (a), (c).) Prison wages could pay a substantial amount of the restitution fine.

*v. Potts* (2019) 6 Cal.5th 1012, 1056.)  Inability to pay is but "a factor for the court to consider in setting the amount of a restitution fine, alongside 'any relevant factors.'"  (*Id.* at p. 1057.) There was no due process violation.

## DISPOSITION

The order imposing a $503.87 booking fee is vacated. Except as so modified, the judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

YEGAN, Acting P. J.

PERREN, J.

4

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.